**LOGAN INTERNATIONAL INC., Plaintiff,**

v.

**1556311 ALBERTA LTD., et al., Defendants.**

**Civil Action No. H–12–1139.**

United States District Court, S.D. Texas, Houston Division.

Sept. 13, 2012.

---

Eric J. Cassidy, Steven B. Harris, Squire Sanders (U.S.) LLP, Houston, TX, for Plaintiff.

William R. Pakalka, Darryl Wade Anderson, Fulbright & Jaworski LLP, Houston, TX, for Defendants.

### *MEMORANDUM AND ORDER*

NANCY F. ATLAS, District Judge.

This case is before the Court on the Motion to Dismiss [Doc. # 15] filed by Defendants 1556311 Alberta Ltd. f/k/a SureTech Tool Services, Inc. ("1556311"), SureTech Completions (USA) Inc., Sure-Tech Completions Canada Ltd., Sanjel Corporation, Sanjel (USA) Inc., and Sean Campbell. Defendants seeks dismissal of the *First Amended Complaint* [Doc. # 11] filed by Plaintiff Logan International Inc. ("Logan"), arguing that the doctrine of *forum non conveniens* requires dismissal, the Court lacks personal jurisdiction over Defendants, and venue is improper in the Southern District of Texas. Logan filed a Response [Doc. # 19], and Defendants filed a Reply [Doc. # 20]. Having reviewed the full record, the Court concludes that it lacks personal jurisdiction over Defendants 1556311, SureTech Completions (USA) Inc., Sanjel (USA) Inc., and Sean Campbell. Plaintiff has made a *prima facie* showing of personal jurisdiction as to Defendants Sanjel Corporation and Sure-Tech Completions Canada Ltd. The Court concludes also that the doctrine of *forum non conveniens* requires dismissal of the lawsuit against these two Defendants. As a result, the Court **grants** Defendants' Motion to Dismiss and dismisses this case without prejudice to its being litigated in Canada.

### I. *BACKGROUND*

Logan is a Canadian corporation with its principal place of business in Houston, Texas. Source Energy Tool Services Inc. ("Source") (another Canadian corporation) developed proprietary technology for manufacturing tools used in fracing operations in oil fields. Destiny Resource Service Corp. ("Destiny") purchased Source on May 3, 2010. Destiny then changed its name to Logan International, Inc. on May 13, 2010. Logan's wholly-owned subsidiary, Logan Completion Systems Inc. ("LCS Inc."), is the "successor-by-amalgamation" to Source.

Defendant Sean Campbell worked for Source in Canada. Logan alleges that Campbell unlawfully misappropriated Source's trade secrets when he resigned his employment and created his own company in Canada, SureTech Tool Services,

Inc. Logan alleges that Campbell hired employees of Orion Machining and Manufacturing Inc. ("Orion") in Canada to make unauthorized copies of Source's tools.

In December 2011, Defendant Sanjel Corporation acquired SureTech Tool Services, Inc. Logan alleges that Sanjel Corporation began marketing Source's propriety technology as its own.

Logan filed this lawsuit on April 13, 2012, asserting theft of trade secrets, tortious interference with existing and prospective business relations, unfair competition, violations of the Lanham Act and the Theft Liability Act, conspiracy, conversion, and unjust enrichment against all Defendants. Rather than identifying the specific misconduct alleged to have been committed by each Defendant, Logan casts its allegations in terms of "Defendants" collectively. Additionally, Logan asserts a violation of the Computer Fraud and Abuse Act and a breach of fiduciary duty claim against Defendant Campbell only.

On June 20, 2012, Logan and LCS, Inc. filed a similar lawsuit in Alberta, Canada, against these Defendants and three Orion employees ("Canada Lawsuit"). In that lawsuit, Logan and LCS Inc. allege that Defendant Campbell wilfully and improperly removed and misappropriated Source's confidential and proprietary information. Plaintiffs in the Canada Lawsuit allege that Campbell and the Orion employees improperly copied Source's tools and marketed them to customers throughout North America.

Defendants in this case have moved to dismiss the First Amended Complaint. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. *MOTION FOR DISMISS FOR LACK OF PERSONAL JURISDICTION*

A federal court may exercise personal jurisdiction over a nonresident defendant if that assertion of personal jurisdiction comports with federal constitutional requirements. *See Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). The constitutional requirements are satisfied if the nonresident purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts there such that it could reasonably anticipate being haled into court in the forum state, and if the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *See J. McIntyre Machinery, Ltd. v. Nicastro,* —— U.S. ——, 131 S.Ct. 2780, 2787–88, 180 L.Ed.2d 765 (2011); *Clemens,* 615 F.3d at 378.

Minimum contacts with Texas may result in a federal court's "general" or "specific" jurisdiction over a nonresident defendant. *See Clemens,* 615 F.3d at 378; *Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990). General jurisdiction exists when a nonresident defendant has engaged in continuous and systematic contacts with the forum state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* —— U.S. ——, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011); *McFadin v. Gerber,* 587 F.3d 753, 759 (5th Cir.2009). Specific jurisdiction exists if the plaintiff can establish that the lawsuit arises out of, or relates to, the nonresident defendant's particular activity or contacts with or within the forum state. *See Clemens,* 615 F.3d at 378–79.

In all cases, the plaintiff bears the ultimate burden of showing that the nonresident defendant is subject to personal jurisdiction in the forum state. *See Clemens,* 615 F.3d at 378. On a motion to dismiss decided without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction; proof by a preponderance of the evidence is not required. *Id.* Conflicts between the facts contained in the parties'

affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists. *See id.; Bullion,* 895 F.2d at 215. Each defendant's contacts with the forum must be analyzed individually, and a defendant cannot be subject to personal jurisdiction solely because he participated in an alleged conspiracy with a co-conspirator who had contacts with Texas. *Dontos v. Vendomation NZ Ltd.,* 2012 WL 3702044, *4 (N.D.Tex. Aug. 27, 2012); *Dykes v. Maverick Motion Picture Group, LLC,* 2011 WL 900276, *6 (M.D.La. Mar. 14, 2011).

■ As to Defendants 1556311 Alberta Ltd., SureTech Completions (USA), Inc., Sanjel (USA) Inc., and Sean Campbell, Plaintiff has failed to present any evidence that these Defendants have had any contact with Texas whatsoever. To the contrary, Defendants 1556311 Alberta Ltd. and Sean Campbell have submitted uncontroverted affidavits that they have not in the past had and do not currently have any contacts with Texas. As a result, the Court lacks personal jurisdiction over these four Defendants.

■ As to Defendants SureTech Completions Canada Ltd. and Sanjel Corporation, however, Plaintiff has established a *prima facie* case of personal jurisdiction with evidence that these corporations have offices in Texas. Plaintiff has also presented evidence that representatives of Sanjel Corporation attended a conference in The Woodlands, Texas (located within the Southern District of Texas) in February 2012 at which they distributed literature marketing equipment that Plaintiff alleges was copied from the trade secrets stolen by Campbell in Canada. As a result, the Court denies these two Defendants' Motion to Dismiss for lack of personal jurisdiction.

## III. DOCTRINE OF FORUM NON CONVENIENS

### A. Forum Non Conveniens Generally

■ Defendants seek dismissal of this case on the basis of *forum non conveniens* in favor of the lawsuit currently pending in Canada. The "doctrine of *forum non conveniens* proceed[s] from [the] premise [that] . . . [i]n rare circumstances, federal courts can relinquish their jurisdiction in favor of another forum." *DTEX, LLC v. BBVA Bancomer, S.A.,* 508 F.3d 785, 794 (5th Cir.2007) (quoting *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 722, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (emphasis omitted)). "The essence of the *forum non conveniens* doctrine is that a court may decline jurisdiction and may actually dismiss a case, even when the case is properly before the court, if the case more conveniently could be tried in another forum." *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 313 (5th Cir.2008) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). Building on its holding in *Gilbert,* the Supreme Court later established the framework for analyzing *forum non conveniens* in an international context. *See Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The defendants bear the burden of proof on all elements of the *forum non conveniens* analysis. *In re Air Crash Disaster Near New Orleans,* 821 F.2d 1147, 1164 (5th Cir.1987) (en banc).

### B. Plaintiff's Choice of Forum

■ Ordinarily a strong favorable presumption is applied to the plaintiff's choice of forum. The plaintiff's choice of forum is not a distinct factor in the analysis, but "it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer." *Volkswagen,* 545 F.3d at 314, n.

10. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839. Stated differently, under the *forum non conveniens* doctrine, dismissal is permitted "only in favor of a substantially more convenient alternative." *Volkswagen*, 545 F.3d at 314. This strong showing that the alternative forum is substantially more convenient is required, in part, because dismissal under *forum non conveniens* may cause the plaintiff to "lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate." *Volkswagen*, 545 F.3d at 313, n. 8. In this case, however, Plaintiff has already filed a virtually identical lawsuit in Canada, thus avoiding any potential statute of limitations issues in the Canadian forum.

■ The plaintiff's choice of forum is not dispositive of the *forum non conveniens* issue. *See, DTEX*, 508 F.3d at 795 (citing *Piper Aircraft*, 454 U.S. at 255–56, 102 S.Ct. 252; *Wilson v. Humphreys (Cayman) Limited*, 916 F.2d 1239, 1246 (7th Cir.1990)). "Judicial concern for allowing citizens of the United States access to American courts has been tempered by the expansion and realities of international commerce. When an American corporation doing extensive foreign business brings an action for injury occurring in a foreign country, many courts have partially discounted the plaintiff's preference of a United States forum." *DTEX*, 508 F.3d at 795.

## C. *Existence of an Alternative Forum*

■ The Court must first "determine whether there exists an alternative forum." *Id.* at 794 (quoting *Piper Aircraft*, 454 U.S. at 254 n. 22, 102 S.Ct. 252). The Court considers whether each Defendant is subject to service of process in the alternative forum, and whether an adequate remedy is available there. *Id.* (citing *Piper Aircraft*, 454 U.S. at 254–55 n. 22, 102 S.Ct. 252; *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 424 (5th Cir. 2001); *Gonzalez v. Chrysler Corp.*, 301 F.3d 377 (5th Cir.2002)). A foreign forum is available when the entire case and all the parties are within that forum's jurisdiction, either by operation of law or by consent. *See id.* (citing *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir.1993) (quoting *In re Air Crash*, 821 F.2d at 1164)). Canada provides an available forum; indeed, Logan has a related lawsuit pending there. There is no indication that the Canadian Defendants would not be subject to personal jurisdiction in the Canadian lawsuit, and the two non-Canadian corporations have consented to personal jurisdiction in the Canadian court.

■ "A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy all the benefits of an American court." *Id.* (citing *Baumgart*, 981 F.2d at 835). "Adequacy" does not require that the alternative forum provide identical relief, either qualitative or quantitative, as an American court. *Id.* "In a *forum non conveniens* context, the Supreme Court has stated that a dismissal 'may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance of recovery." *Calix–Chacon v. Global Intern. Marine, Inc.*, 493 F.3d 507, 515 (5th Cir.2007) (quoting *Piper Aircraft*, 454 U.S. at 250, 102 S.Ct. 252). A difference in the law that is unfavorable to the plaintiff should not play a significant role in the *forum non conveniens* analysis unless the remedy in the alternative forum "is so clearly inadequate or unsatisfactory that it is no reme-

dy at all." *Piper Aircraft*, 454 U.S. at 254, 102 S.Ct. 252.

 Plaintiff argues that discovery will be more difficult in Canada because "Canadian courts have a limited ability to require the production of American documents." *See* Response [Doc. # 19], at 8. Because the two remaining Defendants are Canadian companies and the trade secret theft is alleged to have occurred in Canada, it is unlikely that there will be many "American documents" that need to be discovered from non-party sources in this case. Moreover, this argument relates to the private interest factors (*see infra* at 633), not to the adequacy of the Canadian forum.

Plaintiff argues also that Canada is not an adequate forum because it is "unlikely" to recover punitive damages and jury trials in civil cases are "largely unavailable" in Canada. That Plaintiff's recovery may be less in Canada than it would hope to recover here does not render the Canadian court inadequate. *See, e.g., DTEX*, 508 F.3d at 797. Similarly, the absence of a right to trial by jury does not render the Canadian court inadequate. *See, e.g., Adams v. Merck & Co. Inc.*, 353 Fed.Appx. 960, 964 (5th Cir.2009); *Akerblom v. Ezra Holdings Ltd.*, 2012 WL 464917, *3 (S.D.Tex. Feb. 13, 2012) (Ellison, J.) (citing *Zermeno v. McDonnell Douglas Corp.*, 246 F.Supp.2d 646, 659 (S.D.Tex.2003)).

The Court concludes that the Canadian court is an available and adequate forum for this dispute. This is true particularly in light of the Canadian Lawsuit currently pending there.

### D. *Private and Public Interest Factors*

 The Court must next determine which forum is best suited to the litigation. *See DTEX*, 508 F.3d at 794 (citing *Piper Aircraft*, 454 U.S. at 255, 102 S.Ct. 252). Specifically, the Court must consider whether "certain private and public interest factors weigh in favor of dismissal." *Id.* (quoting *McLennan*, 245 F.3d at 424). "The court must bear in mind that 'the ultimate inquiry is where trial will best serve the convenience of the parties and the interests of justice.'" *Id.* (quoting *In re Air Crash*, 821 F.2d at 1162 (quoting *Koster v. Am. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 527, 67 S.Ct. 828, 91 L.Ed. 1067 (1947))).

 The private interest factors include: (1) ease of access to evidence; (2) the availability of compulsory process for unwilling witnesses; (3) the cost of willing witnesses attending trial; (4) if relevant, the possibility of viewing the subject premises; and (5) all other factors that might make the trial more efficient or less expensive. *See DTEX*, 508 F.3d at 798 (citing *Gilbert*, 330 U.S. at 508, 67 S.Ct. 839). With reference to the first factor, the vast majority of the relevant documents—particularly those related to the liability issues—are located in Canada or are subject to the control of the Canadian plaintiff or a Canadian defendant. Plaintiff asserts that "key third-party documents and witnesses" are located in Texas, but Logan identifies only its own documents and employee witnesses in Texas. The third-party witnesses and documents identified by Logan as relevant are in North Dakota.

Regarding the availability of compulsory process, Logan identifies witnesses in North Dakota. These witnesses would be outside this Court's compulsory process, but it appears that these witnesses are employees of Canadian corporations headquartered in Canada. Defendants identify witnesses in Canada, including Orion employees, Campbell, and employees of other Canadian defendants who have been dismissed for lack of personal jurisdiction, who would not be subject to compulsory process in this Court. Importantly, for

purposes of trial in Canada, the district courts in the United States may compel testimony or production of documents from a resident of that district to be used in the litigation in Canada. *See* 28 U.S.C. § 1782(a). There is no indication that Canada provides similar statutory assistance for litigants in the United States to compel testimony and documents from persons residing in Canada. "[T]o fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition is to create a condition not satisfactory to litigants." *DTEX,* 508 F.3d at 799 (quoting *Perez & Compania (Cataluna), S.A. v. M/V Mexico I,* 826 F.2d 1449, 1453 (5th Cir.1987)).

The cost of willing witnesses' attendance weighs in favor of trial in Canada. Although it is likely to be as expensive to travel from Canada to Houston as it is to travel from Houston to Canada, it appears from the evidence that there are significantly more material witnesses in Canada than in Houston.

Regarding the fourth factor, there is no indication that a premises view is needed in this case. As to the fifth factor, judicial economy favors resolution of all claims in one trial. *DTEX,* 508 F.3d at 800. Because several defendants in this case are being dismissed for lack of personal jurisdiction, judicial economy favors trying this case one time in the Canadian Lawsuit rather than having one trial in Canada and a second trial in Houston.

The public interest factors include: (1) the administrative difficulties flowing from and involving court congestion; (2) the local interest in having localized controversies resolved at home; (3) the interest in having the trial in a forum that is familiar with the law that governs the action; (4) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (5) the

unfairness of burdening citizens in an unrelated forum with jury duty. *DTEX,* 508 F.3d at 802 (citations omitted). Regarding the first factor, all courts are busy. The courts in the Southern District of Texas are extremely efficient but, given the likely discovery problems discussed above in trying to obtain discovery from individuals and companies in Canada, there is little likelihood that the case would reach trial here sooner than it would in Canada.

The third and fourth factors relate to governing law. This lawsuit arises from the alleged misappropriation by Sean Campbell, a Canadian citizen, of proprietary information from a Canadian company in Canada. Campbell then, together with employees of a different Canadian company, allegedly manufactured tools using Source's proprietary information. It appears likely that Canadian law will govern the fundamental liability questions in this case because Canada has the "most significant relationship" to the alleged misappropriation. *See Access Telecom, Inc. v. MCI Telecomms. Corp.,* 197 F.3d 694, 705 (5th Cir.1999); *Jelec USA, Inc. v. Safety Controls, Inc.,* 498 F.Supp.2d 945, 951–52 (S.D.Tex.2007). This factor weighs heavily in favor of trying this case in Canada.

The second and fifth factors relate to having controversies resolved locally. This is fundamentally a Canadian dispute between Canadian companies involving alleged trade secret misappropriate by a Canadian individual in Canada. It is Canada that has significantly greater local interest in the controversy, and it would be unfair to burden citizens in Houston with this Canadian dispute.

The private and public interest factors indicate that the Canadian forum is a substantially more convenient alternative. As a result, dismissal of this lawsuit in favor of that court is appropriate.

## IV. *CONCLUSION AND ORDER*

Plaintiff has failed to demonstrate that this Court has personal jurisdiction over Defendants 1556311 Alberta Ltd., Sure-Tech Completions (USA) Inc., Sanjel (USA) Inc., and Sean Campbell. As to Defendants Sanjel Corporation and Sure-Tech Completions Canada Ltd., Defendants have satisfied their burden to demonstrate that the Canadian forum is substantially more convenient. Therefore, this lawsuit is dismissed pursuant to the doctrine of *forum non conveniens,* without prejudice and in favor of the pending lawsuit in Canada. As a result, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 15] is **GRANTED.** The Court will issue a separate Dismissal Order.